## HOLLADAY *v.* DAILY.

A power of attorney to sell and convey real property, given by a husband and his wife, in general terms, without any provision against a sale of the interest of either separately, or other circumstance restraining the authority of the attorney in that respect, authorizes a conveyance by. the attorney of the interest of the husband by a deed executed in his name alone.

ERROR to the Supreme Court of the Territory of Colorado; the case being thus:

The statute of the Territory just named regulating the subject of dower, enacts that "a widow shall be endowed of the third part of all the lands whereof her husband shall die seized of an estate of inheritance."

This statute being in force, and Ben Holladay being, as it seemed, owner in fee of a piece of land there, he and *his wife* executed a power of attorney to one Hughes to sell it. The power ran thus:

"Know all men, &c., that *we*, Ben Holladay and *N. A. Holladay, his wife*, have constituted and appointed B. M. Hughes our true and lawful attorney in fact, *for us and in our names* to sell and convey all or any lots of ground in said Territory, the title to which is *now vested in said Ben Holladay;* and the said Ben Holladay and *N. A. Holladay, his wife, do* hereby authorize said Hughes to proceed to sell said property on such terms as he may consider best for their interest. And it is provided that in case of the death of either of the said parties making this power of attorney, no further power shall be necessary to our said attorney in fact and agent, to enable him to complete conveyances for property then sold, or to proceed to sell the same or any part thereof thereafter; but he shall proceed, notwithstanding, to sell and convey said property until the same is all disposed of by him. Hereby ratifying and confirming all that the said Hughes may do and perform in the premises *under this power of attorney* to him given, *we* have hereunto set our hands and seals this 13th February, A.D. 1866.

"BEN HOLLADAY, [SEAL.]
"N. A. HOLLADAY, [SEAL.]"

In September of the year in which the power was executed Hughes made a conveyance of some of the land meant to be conveyed.   The deed began thus:

" This indenture, made this 27th day of September, A.D. 1866, between *Ben Holladay*, of the city and State of New York, by B. M. Hughes, *his* duly authorized attorney in fact, party of the first part, and Richard Whitsitt, of the city of Denver, Territory of Colorado, party of the second part, witnesseth, &c.:

" That the said party of the first part, for and in consideration of the sum of $30,000, &c., has granted, bargained, sold, and conveyed," &c.

[Here followed a description of the premises.   The deed ended thus:]

" And the said party of the first part, the aforesaid pieces, parcels, or lots of land unto the said party of the second part, his heirs and assigns, against the claim or claims of all and every person whatsoever, doth and will warrant and forever defend by these presents.

" In witness whereof the said party of the first part has hereunto set his hand and seal the day and year first above written.

" BEN HOLLADAY, [SEAL.]

"By his attorney in fact:

"B. M. HUGHES,    [SEAL.]"

The possession of the land passed from Whitsitt to one Daily; and in December, 1870, Ben Holladay, alleging that he had never received any of the consideration-money recited in the deed, sued Daily to recover possession of the land.

The only question was the sufficiency in law of the power of attorney from Ben Holladay and *wife* to Hughes, and the deed thereunder made from Holladay by Hughes, his attorney in fact, to Whitsitt, to pass the title of the said Holladay in the land to the said Whitsitt.

The court below gave judgment for the defendant, and the plaintiff brought the case here on error.

*Mr. G. H. Williams, for the plaintiff in error:*

Hughes was invested with a special power to sell and convey certain lands in the joint names of Ben Holladay and N. A. Holladay, his wife. All the expressions in the power of attorney are full and clear to this effect. Provision is even made for the death of one of the donors of the power, in which event alone the power is to be exercised in the name of the survivor, clearly implying that before that event it is to be exercised in their joint names. Hughes violated the spirit and letter of his warrant of attorney. The power which he exercised to sell the land of another was never created.*

It is impossible to say that the deed was made in substantial compliance with the warrant of attorney.

The deed is not so much a departure from the mode prescribed of exercising a power, as the exercise of a power different from the one conferred. The power was to make a deed in the name of two persons. The power exercised was the making of a deed in the name of one person. This was not a legal and valid compliance with the authority granted.† An attorney acting under a written authority cannot substitute what in his judgment is substance for the forms required in the execution of the power.

Nor can it be said that the legal title was in Holladay, and, therefore, that it was only necessary to execute a deed in his name. If Holladay owned the property, he had a perfect right to say upon what terms and with what forms it should be sold and conveyed. If he had provided in the power that the deed made under it should have three witnesses, the deed would not be valid with two. He gave Hughes no authority to execute the deed in question. No inquiry can legally be made into Holladay's motives or reasons for requiring a joint deed in order to convey the property. Does the power of attorney require it? If so, and it was not done, that is the end of controversy.

---

* Snow v. Perry, 9 Pickering, 542; Chase v. Dana, 44 Illinois, 262.

† Batty v. Carswell, 2 Johnson, 49; Gibson v. Colt, 7 Id. 393; Rossiter v. Rossiter, 8 Wendell, 494, 499.

*Mr. P. Phillips, with whom was Mr. J. W. Denvers, contra,* citing *Dolton* v. *Cain**\* and *Dodge* v. *Hopkins.*†

Mr. Justice FIELD delivered the opinion of the court.

In February, 1866, Ben Holladay and his wife gave to one Hughes a power of attorney to sell and convey certain real property, situated in Denver City, in the Territory of Colorado, the title to which was stated in the power to be in Holladay. In September following Hughes sold and conveyed in the name of Holladay alone, and as his attorney, the premises in controversy. The question presented is whether the deed thus executed in the individual name of Holladay, and not in the joint names of himself and wife, was sufficient to pass his title.

In most of the States a married woman cannot, in the absence of statutory authority, execute, either alone or in connection with her husband, a valid power of attorney to convey her interest in real property. She can pass her interest only by uniting personally in a conveyance with her husband, and acknowledging upon a separate examination apart from him, before a public officer, that she executes the conveyance freely, without any fear of him, or compulsion from him. The private examination is required to protect her from the coercion or undue influence of her husband, and her acknowledgment is therefore considered as an essential preliminary to the validity of any transfer by her. The private examination is in its nature personal; it is a matter in which she cannot be represented by another. A privy acknowledgment by attorney, as observed by Bishop,‡ would seem to involve a contradiction, and certainly would in a great degree defeat the object which her personal examination was intended to secure.§

Whether any statute exists in Colorado which authorizes a married woman to convey her interest in real property by

---

\* 14 Wallace, 478.                    † 14 Wisconsin, 635.

‡ On the Law of Married Women, § 602.

§ Sumner *v.* Conant, 10 Vermont, 19; Mott *v.* Smith, 16 California, 533; Lewis *v.* Coxe, 5 Harrington, 401.

attorney we are not informed. Counsel, whose attention was called on the argument to the matter, were not aware that any such statute exists.

Assuming, however, that such statute does exist, or that, without any such statute, the authority of a married woman to convey, in connection with her husband, which is conferred, implies a power to appoint an attorney for that purpose—and there are adjudged cases which proceed upon that theory—we do not see any objection to the validity of the deed actually executed in the name of Holladay alone, or to its operation in passing the title. The wife of Holladay evidently joined in the power upon the supposition that she might, in case of surviving her husband, have a right of dower in the real property of which he was seized during her coverture, and that the release of such right might be required for an advantageous sale of the property. But in fact she could not in any event have had a right of dower in his real property in Colorado after its sale by him, although she did not unite in the sale. By a statute of that Territory the right of dower of the widow attaches only to lands of which the husband dies seized. Her joint execution with him, whether in person or by attorney, of the deed of the premises in controversy, would not therefore have imparted any greater interest, present or prospective, than his separate conveyance.

Undoubtedly it is a rule that a special power of attorney is to be strictly construed, so as to sanction only such acts as are clearly within its terms; but it is also a rule of equal potency that the object of the parties is always to be kept in view, and where the language used will permit, that construction should be adopted which will carry out, instead of defeating, the purpose of the appointment. Here the object, and the sole object, of the power was to enable the attorney to pass the title freed from any possible claim of the wife; and under the law of Colorado that result could be accomplished by the deed of the husband alone as fully without as with her signature.

A power of attorney created by two or more persons pos-

sessing distinct interests in real property may, of course, be so limited as to prevent a sale of the interest of either separately; but in the absence of qualifying terms, or other circumstances, thus restraining the authority of the attorney, a power to sell and convey real property, given by several parties, in general terms, as in the present case, is a power to sell and convey the interest of each, either jointly with the interests of the others, or by a separate instrument. The cases are numerous where a power given by several has been held invalid as to some of the parties, and yet sufficient to authorize a transfer of the title of the others. The decision of those cases has proceeded on the doctrine stated, that where a power is given by several the interest of each in the property, to which the power refers, may be separately transferred.

It is proper to state that in sustaining the deed executed in the present case we confine ourselves to its operation in passing the existing title of Holladay. It contains a covenant of general warranty, and we express no opinion on the question whether the power authorized the attorney to make any such covenant for his principal.

JUDGMENT AFFIRMED.