## VON WEDEL v. CLARK, Attorney General, Successor to Alien Property Custodian.

### No. 11422.

United States District Court
D. New Jersey.

June 1, 1949.

Russell C. MacFall, Ridgewood, N. J., for plaintiff.

Alfred E. Modarelli, United States Attorney, and Edward V. Ryan, Assistant United States Attorney, Newark, N. J., and Sol Elson, Attorney, Office of Alien Property, Dept. of Justice, Washington, D. C., for defendant.

MEANEY, District Judge.

This is a suit in equity brought under Section 9(a) of the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 9(a), hereinafter referred to as the Act, to recover certain property vested in the Attorney General as successor to the Alien Property Custodian. The case is before

the court on defendant's motion to dismiss the complaint on the ground that it fails to state a claim on which relief may be granted, in that it appears on the face of the complaint that the plaintiff has no interest, right or title in the property within the meaning of Section 9(a) of the Act.

The following facts are alleged in the complaint: Plaintiff, a citizen of the United States, is the wife of one Carl J. R. H. Von Wedel, a German national. Before leaving for Europe in 1939, Von Wedel executed a power of attorney to Peter J. Kooiman. In 1940 Kooiman, as attorney in fact, transferred the property to the plaintiff by way of gift. In 1947 the Attorney General, as successor to the Alien Property Custodian, vested the property in himself. Plaintiff has filed a notice of claim for the return of the property. The complaint also alleges that, "An express primary object of the giving of the power of attorney was to enable the donee to dispose of all or part of the donor's property in the United States by gift to the plaintiff herein or otherwise, as the attorney in fact might deem best under all the circumstances."

Under the Act one seeking to recover property must allege and prove that he has an interest, right, or title in such property. 50 U.S.C.A.Appendix, § 9(a). Plaintiff's claim rests on the power of attorney and the alleged intention to authorize a gift.

The terms of the power, although broad and sweeping, contain no specific authorization to make a gift. In construing this document the court must keep in view the principles that powers of attorney are to be strictly construed, and that broad general phraseology is to be interpreted in the light of the specific powers authorized. Clark Car Co. v. Clark, 3 Cir., 11 F.2d 814; Brassert v. Clark, 2 Cir., 162 F.2d 967, Restatement of Agency, Section 37. Two cases of a similar nature under the Act have held that an agent has no power to make a gift unless that power is expressly conferred on him, Kanama Fujino v. Clark, D.C., 71 F.Supp. 1; Miyuki Okihara v. Clark, D.C., 71 F.Supp. 319. The conclusion would seem to follow, therefore, that no authority to make a gift can be ascertained from the terms of the power itself.

Plaintiff argues she should have the opportunity to show by parol that a primary object of the giving of the power was to authorize a gift to her. Although the parol evidence rule would seem not to prevent the introduction of such evidence, Brassert v. Clark, supra, and cases there cited, it would avail the plaintiff nothing since the authorization must be found within the terms of the instrument itself. It is true that where the language used will permit, a construction should be adopted which will carry out the intention of the donor, Holladay v. Daily, 86 U.S. 606, 19 Wall. 606, 22 L.Ed. 187, but where as here no reference to a gift is made, no power to make a gift can be inferred in spite of the donor's intention, Okihara v. Clark, supra. Even though it could be shown that the donor intended to authorize a gift, the court in its interpretation of the power would be constrained to hold that no power to make a gift was given.

Since this appears on the face of the complaint the action should be dismissed.