SCHUMACHER v. BROWNELL.
No. 11099.

United States Court of Appeals
Third Circuit.
Argued Nov. 16, 1953.
Decided Jan. 26, 1954.

George B. Searls, Washington, D. C. (Dallas S. Townsend, Asst. Atty. Gen., Joseph G. Hildenberger, U. S. Atty., Philadelphia, Pa., James D. Hill, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellee.

George C. Dix, New York City (Gordon Butterworth, Philadelphia, Pa., on the brief), for appellant.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

This is an action under Section 9(a) of the Trading with the Enemy Act[1] brought in the United States District Court for the Eastern District of Pennsylvania to recover from the Attorney General the sum of $6338.44, which was vested in February, 1947, by Vesting Order No. 8087[2] as the property of The Kyffhaeuser, League of German War Veterans in the U.S.A.

In the Vesting Order the Attorney General[3] found that The Kyffhaeuser, an unincorporated association, was a national of a designated enemy country (Germany) controlled by or acting on behalf of the National Socialist Reichskreigerbund, a national association organized under the laws of Germany.

The Attorney General moved to dismiss the Complaint. There were three plaintiffs in the suit below—Karl Schumacher, Gordon Butterworth and George

1. 50 U.S.C.A.Appendix § 9(a).

2. 12 F.R. 820.

3. Executive Order No. 9788, 50 U.S.C.A. Appendix, § 6 note (11 F.R. 11981) transferred to the Attorney General the property and functions formerly held by the Alien Property Custodian.

C. Dix. The District Court granted the Motion as to plaintiff Schumacher on the ground that he had no title to the funds because the attempted transfer to him by The Kyffhaeuser on February 1, 1942 was not licensed by the Secretary of the Treasury as required by Executive Order No. 8389, as amended.[4] It dismissed as to the plaintiffs Butterworth and Dix for the same reason and on the additional ground that they had not filed a claim for the funds with the Alien Property Custodian. Schumacher alone appealed. The Opinion of the District Court is not reported.

The material allegations of the Complaint may be summarized as follows:

The Kyffhaeuser, a voluntary association of German war veterans of the First World War, was founded in 1938, with headquarters in Philadelphia. It had various local posts throughout the United States. Its primary purpose was to collect and distribute funds in aid of war prisoners and internees.[5] As a result of the declaration of World War II in 1941, the association deemed it advisable to dissolve because of possible public misunderstanding of its purposes. Accordingly, on February 1, 1942, it was resolved at a national convention of the association, that The Kyffhaeuser be dissolved and that its funds be assigned, in trust, to Karl Schumacher,[6] to be administered for the relief of German and American war prisoners and internees, subject to the approval of the Treasury Department and Butterworth. Notices of such action were immediately forwarded to the Departments of State, Justice and Treasury. All of the funds of the association and of its local posts were transferred to an account in the Liberty Title and Trust Company, Philadelphia, where a checking account was opened in the name of "Karl Schumacher, Trustee for The Kyffhaeuser, League of German War Veterans in the U. S. A." [7] Thereafter, some of the funds were paid out under license from the Treasury Department, and on May 23, 1944, Schumacher purported to assign the balance of $6,338.44 to Dix and Butterworth, for services and costs rendered, and to be rendered. Notice of the assignment was given to the Treasury and Justice Departments.

On February 10, 1947, by virtue of Vesting Order No. 8087 issued by the Department of Justice, the $6338.44 was vested as being the property of The Kyffhaeuser. Schumacher filed a notice of claim with the Alien Property Custodian on March 1, 1948. This claim was disallowed on November 21, 1951 and the instant suit resulted.

In their Complaint the plaintiffs prayed for a decree establishing their interests in the fund, and an order to pay over to them "in their individual or collective capacities" the sum of $6338.44.

■ On this appeal Schumacher contends that Section I of Executive Order 8389, as amended, prohibits transfers only if not authorized by means of "regulations, rulings, instructions, licenses, or otherwise". He urges that his interest in the fund is derived from the resolution of February 1, 1942, which, it is claimed, was passed pursuant to the "instructions" of the Department of Justice. In support of this contention a reference is made to Butterworth's "Affidavit in Support of Complaint". It is

4. Executive Order No. 8389, as amended on June 14, 1941, 12 U.S.C.A. § 95a note (6 F.R. 2897) in Sec. I prohibited transfers of property subject to the Order " * * * except as specifically authorized by the Secretary of the Treasury by means of regulations, rulings, instructions, licenses, or otherwise * * *."

5. The collection and distribution of funds was licensed by the Department of State on December 2, 1939, and the Treasury Department licensed distribution through the War Prisoners Aid of the Y. M. C. A. and Elon and Company of Canada.

6. Karl Schumacher was National Commander of The Kyffhaeuser.

7. Prior to such transfer the Association had a bank account in the Liberty Title and Trust Company, Philadelphia, by the name of "Kyffhaeuser Bund, League of German War Veterans in the U. S. A., Kreigshiefwerk."

there averred that subsequent to the declaration of war against Germany in November of 1941, Butterworth and Dix consulted with officials of the Department of Justice regarding the advisability of disbanding The Kyffhaeuser; that they were "advised by such officials that they saw no objection to the continuation of the work of the Kyffhaeuser, but they did recommend and request the dissolution of the Association in order to prevent misunderstanding and the formation of a new committee composed of representatives of the Kyffhaeuser and representatives of the dispersing agency to wit, War Prisoner Relief of the Y.M.C.A. to collect the funds and distribute the same." Such a broad recommendation concerning the general manner in which the activities of The Kyffhaeuser could best be continued, can scarcely be considered an "instruction" within the meaning of Executive Order 8389, as amended.

Section I of the Order prohibits transfers "except as specifically authorized by the Secretary of the Treasury." The plain intendment of this language is to give the Secretary of the Treasury the opportunity to examine and pass upon a specific contemplated transaction. Such general advice as was given by the officials of the Department of Justice is not tantamount to a "specifically authorized" transfer of the blocked account to Schumacher. Moreover, at the time of the meeting with the Justice Department officials, Executive Order No. 8389, as amended, required that the authorization be by the Secretary of the Treasury. There is nothing in the pleadings to indicate that the Secretary of the Treasury ever requested a transfer to Schumacher. It was not until 1948 that the licensing powers of the Secretary of the Treasury were transferred to the Attorney General (Executive Order No. 9989, 50 U.S.C.A.Appendix, § 6 note, 13 F.R. 4891). Thus, the appellant's argument that there was compliance with Executive Order No. 8389, as amended is without merit.

It is further contended that even if "instructions" had not been given within the purport of Executive Order No. 8389, as amended, the necessity for obtaining such "instructions" had been waived since (1) officials of the Department of Justice had recommended that The Kyffhaeuser be dissolved and a new committee appointed to dispense the funds; (2) the Departments of State, Treasury, and Justice had received written notice of The Kyffhaeuser's compliance with such request and had not indicated any disapproval, and (3) the Secretary of the Treasury had approved the payment of several checks drawn on the blocked account during 1942 and 1943 by "Karl Schumacher, Trustee."

First, as to the asserted recommendation of the Department of Justice that The Kyffhaeuser dissolve and function via a new committee, such recommendation could not possibly operate to waive the absolute requirement that the Secretary of the Treasury specifically authorize any transfer of blocked property since the Department of Justice was, at the time, utterly without authority to act in such matters, and it could not "waive" when it had no power to act; secondly, the mere failure of the Departments of State, Justice and Treasury to notify Schumacher of its disapproval of an attempted transfer does not constitute a waiver of the necessity of complying with the Executive Order. There is no affirmative burden on the government to register its disapproval whenever it learns of a prohibited transaction. The language of the Executive Order prohibiting transfers "except as specifically authorized by the Secretary of the Treasury" places the burden on the parties to the transaction of securing the requisite authorization. Finally, the licensing of the payment of checks signed "Karl Schumacher, Trustee" can hardly be considered a recognition of title in him, as the one Treasury license in the record was issued to The Kyffhaeuser (not to Schumacher) and authorized "transfers from the blocked account of The Kyffhaeuser."

■ Since the attempted transfer of The Kyffhaeuser's blocked account to Schumacher was not authorized by the Treasury, no interest passed to him. "The freezing order of June 14, 1941 (Executive Order No. 8389, as amended) immobilized the assets covered by its terms so that title to them might not shift from person to person except by license". Propper v. Clark, 1949, 337 U. S. 472, 484, 69 S.Ct. 1333, 1340, 93 L. Ed. 1480. "Under the Act one seeking to recover property must allege and prove that he has an interest, right, or title in such property. 50 U.S.C.A.App. § 9(a)"; Von Wedel v. Clark, D.C.N.J. 1949, 84 F.Supp. 299, 300, affirmed, Von Wedel v. McGrath, 3 Cir., 1950, 180 F. 2d 716, certiorari denied, 1950, 340 U.S. 816, 71 S.Ct. 45, 95 L.Ed. 600. See, also, Orvis v. Brownell, 1953, 345 U.S. 183, 73 S.Ct. 596, 97 L.Ed. 938.

■ Schumacher's remaining contention is that The Kyffhaeuser is the actual party plaintiff in this suit and that, therefore, the fact that the attempted assignment to Schumacher was unlicensed is immaterial. But this is not so. The plaintiffs named in the caption to the Complaint are "Karl Schumacher, Trustee for The Kyffhaeuser, League of German War Veterans in the U. S. A. and Gordon Butterworth and George C. Dix." From this alone it appears that the language "Trustee for The Kyffhaeuser, League of German War Veterans in the U. S. A." is merely descriptio personae. In Paragraph 2 of the Complaint it is alleged that "The Plaintiffs are: (a) Karl Schumacher as Trustee for 'The Kyffhaeuser, League of German War Veterans in the U. S. A.', a citizen of the United States of America, presently residing at 9316 Cloverly Road,

Philadelphia, Pennsylvania." Then follows a description of the plaintiffs Butterworth and Dix. It is obvious that it is Karl Schumacher who is being described as a plaintiff, not The Kyffhaeuser. In Paragraph 3 it is averred that "Plaintiffs Gordon Butterworth and George C. Dix are native born citizens. Karl Schumacher is a naturalized citizen, having been naturalized at Philadelphia, Pennsylvania on November 28, 1934, in the District Court of the United States, and he has a certificate No. 3756512. Not any one of them is an enemy or an ally of an enemy; nor been a resident of or within the territory of any nation with which the United States was at such time at war * * *."

It seems clear from this language that the draftsman of this Complaint intended and understood Karl Schumacher's capacity in the instant suit to be that of a plaintiff, rather than that of an agent for the purpose of bringing suit, as is now contended. Again, in Paragraph 11, it is alleged "That on July 10, 1938, The Kyffhaeuser, League of German War Veterans in the U. S. A. was formed with headquarters in Philadelphia and various posts throughout the United States. The *Plaintiff, Karl Schumacher,* served as Commander until February 1, 1942." (Emphasis supplied.) In only one instance is The Kyffhaeuser referred to as a plaintiff. In Paragraph 6 it is averred that "Such assignment (by Schumacher to Butterworth and Dix) was approved by the various delegates of the Plaintiff Association." However, since the averments pointing to Schumacher as plaintiff clearly preponderate, this contention must fail.

For the reasons stated the Judgment of the District Court will be affirmed.