Natalie ORBAN, Appellant,

v.

The STATE AUTOMOBILE ASSOCIATION, Appellee.

No. 1874.

Municipal Court of Appeals for the District of Columbia.

Nov. 20, 1956.

John S. Mears, Washington, D. C., with whom Bond L. Holford and Donald J. Caulfield, Washington, D. C., were on the brief, for appellant.

William E. Stewart, Jr., Washington, D. C, with whom Richard W. Galiher and William J. Donnelly, Jr., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Natalie Orban, appellant here, sued one Rucker in the United States District Court for the District of Columbia in 1952 to recover damages for personal injuries sustained while a passenger in his automobile. Judgment was entered in her favor on November 10, 1955, in the sum of $2,250. At the time of the accident Rucker, a nonresident, carried a liability insurance policy with The State Automobile Association (hereinafter called the Association). Pursuant to its terms, the Association was to defend, settle or dispose of all suits, and pay all judgments to the limits of the policy. When it refused to satisfy the judg-

ment against Rucker, appellant filed suit in the Municipal Court.

A summons and a copy of the complaint were served on the Superintendent of Insurance of the District of Columbia on June 13, 1956, and, in due course, they were received by the Association's home office in Des Moines, Iowa. On June 28, 1956, the Association appearing specially filed a motion to quash service of process, supported by affidavits alleging that it had neither appointed the Superintendent of Insurance as its agent for service of process, nor authorized such appointment; that it did not transact business in the District of Columbia; that it did not solicit, sell, or write insurance on any resident of the District of Columbia through the medium of the United States mails; and that therefore the service was ineffective and contrary to law. While this motion was pending, an alias summons and complaint were served on the Director of Vehicles and Traffic of the District of Columbia.

At the hearing on the motion it was stipulated that argument might be presented on the question of validity of service on both of these officials. The motion to quash was granted and this appeal followed. However, in bringing this appeal appellant apparently has abandoned her position on the question of validity of service on the Superintendent of Insurance since she has not assigned it as error, nor has she argued the point in her brief. Accordingly, our opinion is limited to the validity of service on the Director of Vehicles and Traffic.

A much clearer picture will be presented if we first discuss, very briefly and generally, some of the provisions of the Motor Vehicle Safety Responsibility Act of the District of Columbia [1] which became effective May 25, 1955. The Act requires that a driver must file a report if he is involved in an accident in the District of Columbia which results in personal injury, death, or property damage in excess of $100. It also requires a security deposit, but excepts from this requirement a driver or owner who has in effect at the time of the accident an automobile liability policy or bond covering the vehicle involved.[2]

Section 19(b) of the Act makes ineffective a policy or bond with respect to any vehicle not registered in the District of Columbia or registered elsewhere at its effective date or the most recent renewal thereof, unless the insurance or surety company issuing it is authorized to do business in the District; or if the company is not so authorized, "unless it shall execute a power of attorney authorizing the Commissioners to accept service on its behalf of notice or process in any action upon such policy or bond arising out of such accident."

Section 55 of the Act provides that a nonresident may give proof of financial responsibility (for the future) by filing with the Commissioners a written certificate of an insurance carrier authorized to transact business in the state in which his vehicle is registered, provided the certificate otherwise conforms to the provisions of the Act; and the Commissioners shall accept the same upon condition that (1) the insurance carrier execute a power of attorney authorizing the Commissioners to accept on its behalf service of notice or process in any action arising out of a motor vehicle accident in the District of Columbia; and (2) the insurance carrier agree in writing that such policies shall be deemed to comply with the laws of the District of Columbia relating to the terms of motor vehicle liability policies issued therein.

Section 83 provides that the Act shall not apply with respect to any accident, or judgment arising therefrom, or violation of the motor vehicle laws of the District of Columbia occurring prior to its effective date.

---

1. 68 Stat. 120, Ch. 222 (1954), Code 1951, § 40-417, Supp. IV.

2. 68 Stat. 124, 125, Ch. 222 (1954), Arts. III, IV, §§ 10, 16 and 18(1).

It appears that subsequent to the Act's effective date and before the Association filed a power of attorney with the Commissioners, another policyholder of the Association was involved in a collision in the District of Columbia, as a result of which the Association's board of directors executed a resolution and power of attorney dated June 11, 1955, and filed them with the administrator of the Act prior to November 1, 1955. The statement of proceedings and evidence reveals that an employee of the administrator's office was prepared to testify that the Association qualified under the Act from the date of receipt of such papers. The resolution of the board of directors provided in part as follows:

"Whereas The State Automobile Insurance Association of Des Moines, Iowa may desire to file with the Director of Vehicles and Traffic of the District of Columbia, a written certificate of insurance as proof of financial responsibility of one or more of its policyholders under Section 19 of Public Law 365, 83rd Congress, known as the Motor Vehicles Safety Responsibility Act of the District of Columbia,

"And Whereas it is necessary for the said The State Automobile Insurance Association to make several agreements and representations to enable the Director of Vehicles and Traffic to accept such proof,

"Therefore, Be It Resolved By the Board of Directors * * *

"1. That the Vice President and Treasurer of the Automobile Underwriters, Inc., Des Moines, Iowa, be and hereby are authorized to execute a power of attorney constituting and appointing the Director of Vehicles and Traffic of the District of Columbia the true and lawful attorney of The State Automobile Insurance Association in the District of Columbia to accept service on its behalf of notice or process in any action arising out of a motor vehicle accident in the District of Columbia.

"2. That in all cases wherein a certificate is filed under said law by the State Automobile Insurance Association, the insurance policy, declared by said certificate, shall be deemed to be varied to comply with the laws of the District of Columbia relating to the terms of a motor vehicle liability policy issued in the District of Columbia."

The power of attorney to accept service of process provided in part as follows:

"That the said The State Automobile Insurance Association has made, constituted and appointed, and does hereby make, constitute and appoint the Director of Vehicles and Traffic, as agent of the Board of Commissioners of the District of Columbia, its true and lawful attorney in the District of Columbia, on whom service of notice or process, against said Association, may be made in any action arising out of a motor vehicle accident in the District of Columbia. Said attorney is hereby authorized and empowered to receive and accept such service of notice or process and said service shall be taken and held as valid as if served upon said Association.

"In Witness Whereof, Said The State Automobile Insurance Association, *in pursuance of the resolution duly adopted by its Board of Directors* of Automobile Underwriters Inc., Attorney in Fact for The State Automobile Insurance Association has caused this instrument to be executed * * *." (Emphasis supplied.)

Appellant's main contention is that the language of the power of attorney exceeded the statutory requirements; that while the accident upon which her claim was based was not within the purview of the Act, because it occurred prior to the effective date of the Act, it was within the scope of the language of the power of attorney;

and that therefore service on the Director in accordance therewith was valid. Implicit in this contention is the argument that we should not give consideration to the resolution of the board of directors and the pertinent provisions of the Act in construing the power of attorney, but rather that we should place sole emphasis on the words of the power which state that service of process may be made "in any action arising out of a motor-vehicle accident in the District of Columbia." We cannot accept this contention for we are not persuaded that by ignoring the resolution and the pertinent provisions of the Act we would accomplish a reasonable construction of the power, that is, a construction which would give effect to the intention of the principal and the purpose for which the power was granted.

The resolution and power of attorney were executed contemporaneously and filed together with the administrator of the Act; they both related to the same subject matter. Further, the power made specific reference to the fact that it was filed pursuant to the resolution adopted by the board of directors.[3] It is evident that if the principal's intention is to be given effect, the two must be read together.[4]

■ There can be no dispute that the Association's purpose for executing and filing the resolution and power of attorney was to comply with the Act. Such compliance by the Association was a prerequisite to its nonresident insureds' exemption from the provisions of Section 18 of the Act (deposit of security). It likewise afforded its nonresident insureds the opportunity to give proof of financial responsibility for the future in accordance with Section 55. It has been held that where a power of attorney is addressed to the subject matter of a statute, as it was in this case, the statute enters into it as a part of it.[5] Since Section 83 of the Act prohibits its application to accidents occurring prior to May 25, 1955, it necessarily follows that the Director of Motor Vehicles and Traffic is precluded from accepting service of process in any action based on an accident which antedated the Act.

■ It is a guiding principle that powers of attorney are to be strictly construed; however, if the language will permit, a construction should be adopted which will carry out, instead of defeat, the purpose of the appointment.[6] It is evident here that the purpose of the appointment was to comply with the Act. Although the language used in the power of attorney may have exceeded the statutory requirements, we do not think the language, when considered in the light of the surrounding circumstances, exceeded such requirements to the extent of authorizing service of process on the Director in this case.

Affirmed.

3. Cf..Von Wedel v. Clark, D.C.D.N.J., 84 F.Supp. 299, affirmed, Von Wedel v. McGrath, 3 Cir., 180 F.2d 716, certiorari denied, 340 U.S. 816, 71 S.Ct. 45, 95 L. Ed. 600.

4. Brassert v. Clark, 2 Cir., 162 F.2d 967; Mexican Nat. Coal, Timber & Iron Co. v. Frank, C.C.S.D.Tex., 154 F. 217; see also Petrowski v. Hawkeye-Security Insurance Co., 7 Cir., 226 F.2d 126, reversed 350 U.S. 495, 76 S.Ct. 490, 100 L.Ed. 639, on grounds that parties entered into stipulation conferring jurisdiction.

5. Flour City Ornamental I. Co. v. General Bronze Corp., D.C.D.Minn., 21 F.Supp. 112; O'Donnell v. Registrar of Motor Vehicles, 283 Mass. 375, 186 N.E. 657; McClanahan v. Breeding, 172 Ind. 457, 88 N.E. 695.

6. Holladay v. Daily, 19 Wall. 606, 86 U. S. 606, 22 L.Ed. 187; McClanahan v. Breeding, supra; 2 Am.Jur., Agency, § 31.