## Michael Ricci *vs.* Frances Cappelluzzi.

DECEMBER 11, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

172

ROBERTS, J. This action in assumpsit was brought by the endorsee of a promissory note to recover a deficiency thereon. The case was heard by a justice of the superior court, sitting without a jury, who rendered a decision for the plaintiff in the amount of $2,835.49. The case is here on the defendant's exceptions to that decision and to certain evidentiary rulings during the trial.

It appears from the record that on March 29, 1954 defendant executed a power of attorney, so called, wherein she made her now deceased husband, who was active in building, her attorney in fact. The instrument, in substance, conferred upon the husband authority to deal generally with her real estate.

It further appears that in December 1955 defendant's late husband acquired in his own name from Gaetano Parrillo and his wife a parcel of land located in the town of Johnston. In the course of this transaction the original payees of the note, Edward J. Plunkett and his wife, on December 22, 1955 loaned him the amount of $5,300. On that date defendant's late husband executed in his own name and in defendant's name as her attorney in fact the

promissory note now in suit and delivered it to said original payees. On December 22, 1955 the husband executed a mortgage, securing the note, on the land so acquired. He executed this individually in his own name, and as her attorney in fact released defendant's dower right therein. The deed from the Parrillos to defendant's late husband and this mortgage were both recorded on December 28, 1955. In the spring of 1957 defendant's husband deceased.

On December 3, 1957 the original payees assigned the note to the plaintiff. He then made demand for payment and upon failure thereof foreclosed under the terms of the mortgage, buying in the property for $3,500. Thereafter he brought the instant suit to recover the deficiency due on the note, which is admitted to amount to $2,649.99.

In pressing her exception to the decision of the trial justice, defendant contends that it was error to construe the instrument under consideration as conferring authority on the attorney in fact to execute the note. In view of that contention, we have carefully examined said instrument.

The rules which govern the construction of instruments designating an attorney in fact are well settled. The primary object of such construction is to ascertain the intention with which the grant of powers was conferred and to give effect thereto. *McLaren Gold Mines Co.* v. *Morton*, 124 Mont. 382. In the ascertainment of that intent the instrument is to be construed as a whole, *Mook* v. *Humble Oil & Refining Co.*, Tex. Civ. App., 182 S.W.2d 255, and in the light of the circumstances that existed at the time of the making thereof, *Andrews* v. *Bickerstaff*, 93 Ga. App. 571. Further and most important in the instant case, these instruments are to be construed strictly and are not to be enlarged by construction. *Orban* v. *State Automobile Ass'n*, D. C. 127 A.2d 143; *Bergman* v. *Dykhouse*, 316 Mich. 315. And there is authority holding that such instruments are to be construed restrictively. *Post* v. *Registrar of Property*, 19 P. R. 180.

174

The defendant here in the opening portion of the power of attorney identifies herself, designates her attorney in fact, and confers upon him in comprehensive terms a general authority to deal with *her* real estate. The language wherein this authority is granted is as follows:

"* * * take possession and charge of *all my real estate* situated in the State of Rhode Island, which I now own or from time to time may hereafter acquire, or to which I may at any time become entitled, from any person or persons in any manner whatever; under and with such conditions, covenants, terms and for any price or amount he deems expedient, to buy, contract to sell, to sell, barter, exchange, partition, dispose of, mortgage, improve, lease and trade, or otherwise deal in and with *my said real estate* situated in said State of Rhode Island, which is now owned by me or which I may hereafter acquire as aforesaid * * *." (italics ours)

After conferring this general authority to deal with "my real estate," she set out in the instrument a lengthy specification of particular acts which her attorney in fact was authorized to perform with respect to the "said real estate." Construing this instrument as a whole to give effect to her intention, we are of the opinion that the authority contained therein to perform specific acts with respect to the "said real estate" refers back to the subject matter of the grant of power designated in the prior portion of the instrument, that is, "my said real estate." We do not think that the mere enumeration of such specific powers was intended to extend the scope of the instrument to property other than that made the subject matter of the general grant of power theretofore conferred.

We are also of the opinion that where there is a general grant of authority in a power of attorney to deal with a particular property or class of properties, subsequent grants of authority to perform specific acts contained therein are, in the absence of clear and convincing evidence of a contrary intent, limited to the particular property or class of

properties theretofore made the subject matter of the general grant. This is consistent with the requirement that these instruments be strictly construed and avoids extending the scope of the power by construction. Perceiving no evidence in the record here that defendant intended otherwise, it is our opinion that the attorney in fact had no authority to act with respect to anything other than the real estate of defendant.

In the circumstances here it is clear that defendant acquired no interest in the property purchased by her husband in his own name which would create in her an estate sufficient to bring it within the subject matter of the power conferred, that is, "my real estate." It is not disputed that the husband had acquired the property in his own name and that defendant had acquired no estate therein by the creation of any cotenancy.

The defendant did acquire a dower right in the land purchased by her husband, but it is the well-settled law of this state that an inchoate right of dower is not an estate in the husband's property but is only a right of action. *Najarian v. Boyajian*, 48 R. I. 213, 216; *Atwood v. Arnold*, 23 R. I. 609, 610. In our judgment the attorney in fact in the instant case acted beyond the scope of the power conferred upon him when he executed the note in suit in that capacity. In view of our conclusion on this exception, it is unnecessary for us to consider the defendant's other exceptions.

The defendant's exception to the decision of the trial justice is sustained, and on December 21, 1959 the plaintiff may appear before this court to show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

*Charles A. Curran,* for plaintiff.

*Brosco & Brosco, A. J. Brosco,* for defendant.